**O**

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

JOHN CORIGLIANO,

Plaintiff,

v.

CLASSIC MOTORS INC; FADI ELIAS; and DOES 1-5 inclusive,

Defendants.

Case No. 2:15-cv-04579-ODW (PLA)

**ORDER DENYING MOTION FOR LEAVE TO AMEND AND SUPPLEMENT [40, 56]**

On February 1, 2016—six weeks after the amendment cut-off date established in this Court's Scheduling and Case Management Order—Plaintiff John Corigliano filed a Motion for Leave to File a First Amended Complaint to add new causes of action and join a new defendant. (Mot. Leave to File First Am. Compl. ("Mot."), ECF No. 40.) Then, on May 20, 2016, Plaintiff filed a Motion to Supplement the First Amended Complaint with new evidence. (Mot. Supp. First Am. Compl. ("Mot. Supp."), ECF No. 56.) Because Plaintiff seeks to amend and supplement his pleading with evidence already available to him, the Court **DENIES** his requests[1].

[1] In all cases not listed as exempt in L.R. 16-12, and except in connection with discovery motions (which are governed by L.R. 37-1 through 37-4) and applications for temporary restraining orders or preliminary injunctions, counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution. L.R. 7-3. The present case is not prior to exemption. L.R. 16-12. Yet prior to the filing of this Motion for Leave to Supplement, Plaintiff failed to meet and

**A. Motion for Leave to File a First Amended Complaint**

The Federal Rules of Civil Procedure take a liberal position on parties amending pleadings before trial. Fed. R. Civ. P. 15(a). But once a district court issues a scheduling and case management order, Rule 15(a)'s generous standard gives way to the more stringent good-cause standard under Rule 16(b)(4). *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000).

In applying the good-cause standard, a court "primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (internal quotation marks omitted). "The good cause standard typically will not be met where the party seeking to modify the scheduling order has been aware of the facts and theories supporting amendment since the inception of the action." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013), *aff'd on other grounds sub nom. Oneok, Inc. v. Learjet, Inc.*, 135 S. Ct. 1591 (2015). Similarly, a party does not show good cause where it does not conduct basic investigation into the circumstances underlying its claims until after the deadline to amend has passed. *Hernandez v. Select Portfolio Servicing, Inc.*, No. CV 15-1896 PA (AJWX), 2016 WL 770869, at *3 (C.D. Cal. Feb. 24, 2016); *Bonneau v. SAP Am., Inc.*, No. C 03-5516 PJH, 2004 WL 2714406, at *1 (N.D. Cal. Nov. 29, 2004).

Plaintiff seeks to add new causes of action for intentional misrepresentation, conversion, breach of oral contract, violation of a statute, unjust enrichment, and unfair business practices. He also seeks to add a new defendant, Jennifer Polk-Elias. Plaintiff filed his Motion on February 1, 2016. (Mot.) However, the Scheduling and Case Management order issued by this Court on February 26, 2016 back-dated the amendment cut-off date to December 14, 2015. (ECF No. 45.) Because the

---

confer with Defendants' counsel. (Rozsa Decl. ¶¶ 2–4, ECF No. 50-2.) Any further failures to comply with Local Rule 7-3 may result in the summary denial of the Motion.

Scheduling Order was not issued at the time Plaintiff filed his Motion, the more generous Rule 15(a) applies.

Under Rule 15(a), however, where the party seeking amendment knows or should have known the facts upon which the amendment is based but failed to include them in the original complaint, the motion to amend may be denied. *See Jordan v. County of Los Angeles*, 669 F.2d 1311, 1324 (9th Cir.1982). Here, Plaintiff does not allege that he was unaware of the facts and theories he seeks to raise in the amended complaint. Rather, by Plaintiff's own admission, he seeks to amend his initial Complaint over two and a half years later in order to "clarify" and purportedly "save time and judicial resources" by obviating the need to file a separate lawsuit. (Mot. 1.) Plaintiff seeks to excuse his late filing by blaming the jurisdictional issues that occupied the first year the action was filed. (*Id.* 6.) However, even if the merits of the case "have only been in play" since June 2015, as Plaintiff contends, his lame attempt at obfuscation fails. (*Id.*) Plaintiff waited nearly 8 months after June 2015 to file the present Motion. And, as far as the Court can tell, Plaintiff knew or should have known the theories upon which the amendment is based long before then. "Late amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action." *Primerica Life Ins. Co. v. Rodriguez*, No. CV 11-7074 CAS PLAX, 2012 WL 893486, at *2 (C.D. Cal. Mar. 14, 2012) (internal quotation marks and citation omitted). Therefore, his request to add additional causes of action is **DENIED**.

Next, Plaintiff contends that he should be given leave to add Jennifer Polk-Elias as a defendant because she allegedly acted in concert with her husband, Defendant Fadi Elias. (Mot. 7.) Plaintiff claims that upon discovering that he wired money to a joint bank account that Polk-Elias shared with her husband, he filed this request to add her as a Defendant. (Mot. 10.) However, the single document he provides as evidence on this point is actually a wire transfer to Plaintiff, not from Plaintiff.

(Corigliano Decl. Ex. A, ECF No. 41). Furthermore, all the same arguments against Plaintiff adding additional causes of action apply in equal force to his request to add Polk-Elias. He has been aware of her potential involvement for two and a half years and has been in possession of this document since 2011, yet failed to provide a reason for his previous failure to investigate. Therefore, his request to add Polk-Elias as a defendant is **DENIED**.

**B. Motion for Leave to Supplement First Amended Complaint**

Plaintiff seeks to supplement the cause of action in his proposed First Amended Complaint based on an audit of his transactions and payments to Defendants. (Mot. Supp. 2.) On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. Fed. R. Civ. P. 15(d). Matters occurring after a suit is instituted are properly brought into the record by supplemental pleadings. *Howard v. Jennings*, 141 F.2d 193, 1944 U.S. App. LEXIS 3627 (8th Cir. Mo. 1944); *Hearst v. American Newspapers, Inc.*, 51 F. Supp. 171, 1943 U.S. Dist. LEXIS 2359 (D. Del. 1943). Rule 15(d) permitting plaintiff to supplement complaint is for the purpose of enabling plaintiff to plead facts which occurred after commencement of the suit. *Fed. Tel. & Radio Corp. v. Associated Tel. & Tel. Co.*, 88 F. Supp. 375, 1949 U.S. Dist. LEXIS 1891, 84 U.S.P.Q. (BNA) 67 (D. Del. 1949). Here, Plaintiff contends that he never received an invoice for repairs from Defendants, as required by California law. (Mot. 2.) He contends that he should be allowed leave to supplement the claim for relief in his proposed First Amended Complaint based on an audit he recently conducted. (*Id.*) He contends that he could not have been aware of the additional money owed to him prior to conducting an audit. (Corigliano Decl. ¶ 11, ECF No. 61.) However, a basic investigation into the circumstances surrounding Plaintiff's claims during the two and a half years prior to the cut-off for amendments would have revealed this fact. Furthermore, the audit does not present new facts that happened after the date of the pleading to be supplemented,

as required by Rule 15(d). Rather, it is a summary of facts already available to Plaintiff when he submitted his Leave to File a First Amended Complaint. Because Plaintiff failed to display good cause, and because of Plaintiff's lack of candor by filing a Supplemental Motion stating facts available to him when he submitted his previous Motion only three months earlier, his request is **DENIED**.

**IT IS SO ORDERED.**

July 6, 2016

**HON. OTIS D. WRIGHT II**
**UNITED STATES DISTRICT JUDGE**